NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

NICOLE RULNICK,
*Petitioner/Appellee,*

v.

ANDREW RULNICK,
*Respondent/Appellant.*

No. 1 CA-CV 22-0195 FC
FILED 12-8-2022

Appeal from the Superior Court in Maricopa County
No. FC2017-054640
The Honorable Theodore Campagnolo, Judge

**AFFIRMED**

APPEARANCES

Andrew Rulnick, Akron, OH
*Respondent/Appellant*

Nicole Rulnick
*Petitioner/Appellee*

---

**MEMORANDUM DECISION**

Presiding Judge David D. Weinzweig delivered the decision of the Court, in which Judge Randall M. Howe and Judge D. Steven Williams joined.

---

**W E I N Z W E I G**, Judge:

¶1        Andrew Rulnick ("Father") appeals from the superior court's legal decision-making and parenting time orders.  We affirm.

### FACTS AND PROCEDURAL BACKGROUND

¶2        Father and Nicole Rulnick ("Mother") share two minor children.  They divorced in 2018, and the superior court entered a dissolution decree, awarding joint legal decision-making and granting 164 parenting days per year to Father.

¶3        Both parents later petitioned to modify, and the superior court modified the decree in December 2020, awarding "joint legal decision-making without a final decision-maker in the hope the parties could cooperate in decision-making as to educational and medical issues."

¶4        Before that modification, Mother enrolled the children in Copper Canyon Elementary School.  Father refused to take the children to school because it required a long commute.  This led to 19 unexcused absences in just one semester.  Father said the children would attend an online school during his parenting time, but he never enrolled them in "an accredited program."

¶5        Eight months after the last modification, Mother petitioned the superior court in August 2021 to modify legal decision-making authority and parenting time, arguing that Father had caused the children to miss their classes and therapy sessions.  She requested sole legal decision-making authority over education-related issues and a modified parenting-time plan.  The court held an expedited hearing and entered temporary orders for Mother to "have final decision authority regarding educational issues" if "the parents cannot agree after making a good faith effort to reach agreement."

¶6        After an evidentiary hearing in January 2022, the superior court granted final legal decision-making authority to Mother, and reduced Father's parenting time to "every other weekend" during the school year

and every other week during the summer. The court found that "the children are technically legal truants during Father's parenting time," causing "a significant and continuing change of circumstances that materially affects the welfare of the children." Father timely appealed. We have jurisdiction. *See* A.R.S. §§ 12-120.21(A)(1) and -2101(A)(2).

## DISCUSSION

### I. Modification

**¶7** Father challenges the superior court's January 2022 post-decree modification. We review that ruling for an abuse of discretion. *Engstrom v. McCarthy*, 243 Ariz. 469, 471, ¶ 4 (App. 2018). "An abuse of discretion results when the record is 'devoid of competent evidence to support the decision.'" *Id.* (quoting *Hurd v. Hurd*, 223 Ariz. 48, 52, ¶ 19 (App. 2009)).

**¶8** Arizona courts apply a two-step inquiry to determine whether a decree should be modified. "First, the court must ascertain whether there has been a change of circumstances materially affecting the welfare of the child." *Backstrand v. Backstrand*, 250 Ariz. 339, 343, ¶ 14 (App. 2020). A change is material if it alters the child's environment so that the original decree no longer responds to and fits the current circumstances. *Id.* at ¶ 17.

**¶9** Second, if a change of circumstances has occurred, the superior court must decide whether the proposed modification is in the child's best interests. *Id.* at ¶ 14. Arizona law directs the court to "determine legal decision-making and parenting time, either originally or on petition for modification, in accordance with the best interests of the child." A.R.S. § 25-403(A). "The court shall consider all factors that are relevant to the child's physical and emotional well-being," *id.*, and it must include "specific findings on the record" about how its "decision is in the best interests of the child," A.R.S. § 25-403(B). This includes considering the "past, present and future abilities of the parents to cooperate in decision-making about the child to the extent required by the order of joint legal decision-making." A.R.S. § 25-403.01(B)(3).

**¶10** We discern no error. The superior court found a change in circumstances, and the record includes reasonable evidence to support that decision. Since the last decision-making and parenting time order entered in December 2020, Father had refused to take the children to school, despite frequent reminders, causing them to miss 19 school days in one semester, along with the physical activity and speech and occupational therapy

offered at the school. The court was best positioned to evaluate the evidence and assess the credibility of witness testimony. *Jesus M. v. Ariz. Dept. of Econ. Sec.*, 203 Ariz. 278, 280, ¶ 4 (App. 2002).

¶11 The superior court also addressed each statutory factor to determine the children's best interests. The court rejected Father's justifications as unpersuasive, and the record has competent evidence in support. A 45-minute commute does not justify pausing a child's education, especially when Mother had a similar commute and never missed a day. Beyond that, Father offered no reasonable substitute for the individual physical and occupational therapy services and support provided at the elementary school. The court did not abuse its discretion.

## II.    Judicial Bias

¶12 We reject Father's judicial bias argument. "All decision makers, judges and administrative tribunals alike, are entitled to a presumption of honesty and integrity." *Emmett McLoughlin Realty, Inc. v. Pima Cnty.*, 212 Ariz. 351, 357, ¶ 24 (App. 2006) (internal quotation marks omitted). To prove bias, Father needed to "set forth a specific basis for the claim of partiality and prove [it] by a preponderance of the evidence." *State v. Medina*, 193 Ariz. 504, 510, ¶ 11 (1999). "Bare allegations of bias and prejudice, unsupported by factual evidence, are insufficient to overcome the presumption of impartiality and do not require recusal." *State v. Carver*, 160 Ariz. 167, 173 (1989). Father does not begin to meet this standard or overcome the legal presumption against judicial bias or prejudice.

## CONCLUSION

¶13 We affirm. We deny Father's request for attorney fees and costs. We award Mother her costs on appeal, contingent upon compliance with ARCAP 21.[1]

AMY M. WOOD • Clerk of the Court
FILED:    AA

---

[1]    We deny Father's Motion to Admit Exhibits M-Q dated October 9, 2022, because our review is limited to the record before the superior court. *See GM Dev. Corp. v. Cmty. Am. Mortg. Corp.*, 165 Ariz. 1, 4-5 (App. 1990).